IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL BABIN, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-1954 |
| | § | |
| THE BANK OF NEW YORK | § | |
| MELLON, *et al.*, | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Relief from Judgment ("Motion") [Doc. # 10] filed by Plaintiffs Daniel Babin and Deborah Parker, to which Defendants The Bank of New York Mellon and Bank of America, NA filed a Response [Doc. # 12]. Plaintiffs neither filed a reply nor requested additional time to do so. Based on the Court's review of the full record and the application of governing legal authorities, the Court **denies** the Motion.

Plaintiffs sued Defendants in Texas state court asserting various causes of action including fraud, wrongful foreclosure, slander of title, promissory estoppel, and "unreasonable collection." Plaintiffs seek an accounting, injunctive relief, and monetary relief. Defendants removed the case to federal court. Defendants then filed a Motion to Dismiss on June 28, 2012, attaching the subject Note, Deed of Trust, and

Assignment. Plaintiffs failed either to respond by the July 19, 2012, deadline established by the Court's Local Rules, or to request an extension of the deadline.

Rather than dismiss Plaintiffs' case at that point, the Court entered an Order granting Plaintiffs an unrequested extension of the response deadline to July 30, 2012. *See* Order [Doc. # 8]. The Court cautioned Plaintiffs that failure to respond by the extended deadline would result in the Motion to Dismiss being granted. *See id.* Plaintiffs failed either to file any opposition by the July 30, 2012, deadline or to request that the deadline be extended. As a result, the Court granted Defendants' Motion to Dismiss on July 31, 2012. *See* Dismissal Order [Doc. # 9].

On September 9, 2012, Plaintiffs filed their Motion for Relief from Judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. Relief under Rule 60(b)(1) is available where the movant establishes "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Rule 60(b)(1) relief is inappropriate when the proffered justification is the "inadvertent mistake" of counsel. *See Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 356-57 (5th Cir. 1993); *see also Buckmire v. Mem. Hermann Healthcare Sys.*, 456 F. App'x 431, 432 (5th Cir. Jan. 3, 2012) (citing *Bynum v. Ussin*, 410 F. App'x 808, 811 (5th Cir. Feb. 8, 2011)). "Gross carelessness, ignorance of the rules, or ignorance of the law" are also insufficient bases for Rule 60(b)(1) relief. *Edward H. Bohlin*, 6 F.3d at 357. Indeed, granting

relief on the sole basis of counsel's carelessness would be an abuse of discretion. *See id.*; *Knapp v. Dow Corning Corp.*, 941 F.2d 1336, 1338 (5th Cir. 1991).

Plaintiffs' counsel asserts that the failure to respond to the Motion to Dismiss as ordered by the Court was the result of "inadvertence and mistake." Plaintiffs' counsel admits that she was attorney of record for Plaintiffs in this case, but claims that she "mistakenly believed that she was going to have to withdraw from the case because she had not been formally retained by Plaintiffs for her services in Federal Court." *See* Motion, ¶ 4. Counsel admits that Plaintiffs "took all the necessary measures in order to retain [her] for Plaintiffs' Federal case" on July 27, 2012, three days before the July 30, 2012 deadline for Plaintiffs' response.

As an initial matter, an apparent dispute between counsel of record and her clients regarding continued representation does not relieve an attorney of her obligations while she remains counsel of record, and she remains counsel of record until the Court allows her to withdraw. Moreover, counsel's "mistake" in believing she was going to have to withdraw does not constitute "inadvertence and mistake" for which Rule 60(b)(1) relief is appropriate. *See, e.g., Lewis v. Barnhart*, 73 F. App'x 715, 716-17 (5th Cir. Aug. 22, 2003) (holding that failure to retain an attorney promptly did not constitute mistake or inadvertence for purposes of Rule 60(b)(1)). This is particularly true here because counsel admits that any uncertainty she had

regarding her continued representation of Plaintiffs in this case was resolved three days before the deadline for Plaintiffs' response.

Counsel asserts that this circumstance left her with "inadequate time to respond to Defendants' Motion to Dismiss" because she takes care of her elderly parents. She does not, however, explain why she did not have adequate time to file a simple motion requesting an extension of the response deadline. This failure to provide a satisfactory explanation for the failure to request an extension, particularly in light of the Court's order admonishing Plaintiffs that failure to respond by the July 30, 2012, deadline would result in dismissal of this case, weighs heavily against Rule 60(b)(1) relief. *See, e.g., Bynum*, 410 F. App'x at 811.

Plaintiffs have failed to identify any mistake or inadvertence that warrants relief from judgment pursuant to Rule 60(b)(1).[1] The Court's Order [Doc. # 8] clearly and unequivocally directed Plaintiffs to file any opposition to Defendants' Motion to Dismiss by July 30, 2012, and cautioned them that failure to do so would result in dismissal of this lawsuit. Plaintiffs offer no explanation for their failure either to respond by that deadline or request an extension. Accordingly, it is hereby

---

[1] The Court has reviewed the "Argument and Authorities Supporting Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Case" contained in the Motion. The Court notes that, even if Plaintiffs identified such mistake or inadvertence that would warrant Rule 60(b)(1) relief, the Motion to Dismiss would be granted on its merits.

**ORDERED** that Plaintiffs' Motion for Relief from Judgment [Doc. # 10] is **DENIED**.

SIGNED at Houston, Texas, this **11th** day of **October, 2012**.

                                         _____
                                         Nancy F. Atlas
                                         United States District Judge